1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ELLER LAW, LLC
CRYSTAL ELLER, ESQ.
NEVADA BAR # 4978
104 South Jones Blvd.
Las Vegas, Nevada 89107
(702) 685-6655
Crystal@crystalforthepeople.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

April Johnson, an individual, Dujun Johnson, an individual, as guardians of MJ; and JJ, Minors

Plaintiff,

v.

Michael Banco, an individual, Clark County School District, a Clark County, Nevada governmental entity, Clark County School District Transportation Department, a Clark County, Nevada governmental entity, the Clark County School District Superintendent Pat Skorkowski, an individual, the Clark County School District Assistant Superintendent, Kristine Minnich, an individual; the Clark County School District, Thomas O'Rourke Elementary School Principal Kody Barto, an individual; Clark County School District, Transportation Department, Operations Manager, Christopher Jackson, an individual; DOES 1-10 inclusive, and ROE Corporations, 11-20, inclusive,

Defendant.

CASE NO.

COMPLAINT

(Jury Demand)

Plaintiffs, by and through their attorney Crystal Eller of ELLER LAW, LLC bring this action on behalf of their minor children; and for their Complaint against the above-named defendants, they state and allege as follows;

PARTIES

1.      Plaintiffs, April and Dujun Johnson, are the mother and father of MJ, a minor, and JJ, a minor who reside in Clark County, Nevada.  They are the biological mother and father and thus guardians of MJ, a minor and JJ, a minor.  April and Dujun Johnson, of the United States, bring this lawsuit on behalf of MJ, and JJ, citizens of the United States.

2.      At the time of the events giving rise to this lawsuit, MJ was a 3-year old pre-school student.  She received special education services and attended Thomas O'Roarke Elementary School in Las Vegas, Nevada.

3.      At the time of the events giving rise to this lawsuit, JJ was a 5-year old pre-school student.  He received special education services and attended Thomas O'Roarke Elementary School in Las Vegas, Nevada.

4.      Defendant, Clark County School District, ("the District or CCSD") is a public-school entity created under the laws of Nevada, with its principal address at 5100 West Sahara Avenue, Las Vegas, NV 89146.  The District is a recipient of federal funding, and it operates the public schools in Las Vegas, Nevada, including the Thomas O'Roarke Elementary School at which MJ and JJ were students.  The District also owns and operates the school buses, including special education buses, used to transport students under its care and supervision, including MJ and JJ.

5.      In May 2015, Defendant, Michael Ray Banco, an adult man, was an employee of the CCSD.  At all times relevant to this lawsuit, he was acting on the District's behalf, under color of state law, and within the scope and duty of his employment as a bus driver.  He is sued in both his individual and official capacities.

6.      Defendant CCSD School Superintendent, Pat Skorkowsky was the Superintendent of the Clark County Schools at the time that Banco was sexually, physical and emotionally abusing MJ and JJ.  The duties of the Superintendent include ensuring the safety and welfare of students on transportation provided by the District.  Mr. Skorkowski showed reckless disregard for the safety of MJ , JJ and the children riding on Banco's bus in that he did not require that the video footage from the cameras on the bus be checked on a regular basis, did not place a bus

transportation aide on Banco's route, did not relieve Banco of his duties as a school bus driver after the school district was held liable for Banco's behavior for the alleged assault and battery of another student, or at least not allow him to drive a school bus with special needs children when Banco was found to have violated a another child's Individual Education Program (IEP), failed to investigate parental reports of Banco delivering the children to their home late and by not arranging proper training for teachers and other school employees to recognize potential child abuse and take appropriate action to protect the children.

7.      Defendant CCSD School Assistant Superintendent Kristine Minnich, was the Assistant Superintendent – Student Services Division of the Clark County Schools at the time that Banco was sexually, physical and emotionally abusing MJ and JJ.  The duties of the Assistant Superintendent – Student Services Division include ensuring special education students are provided a free and appropriate public education.   Free appropriate public education is defined in 20 USC 1401 (9) as special education and related services that have been provided at public expense, under public supervision and direction, and without charge, meet the standards of the State educational agency and include an appropriate preschool, elementary school or secondary school education in the state involved.   Related services are defined in 20 USC 1401 (26) as transportation.    Kristine Minnich showed reckless disregard for the safety of MJ, JJ and the children riding on Banco's bus in that she did not require that the video footage from the cameras on the bus be checked on a regular basis, did not place a bus transportation aide on Banco's route, did not relieve Banco of his duties as a school bus driver after the school district was held liable for Banco's behavior for the alleged assault and battery of another student, or at least not allow him to drive a school bus with special needs children when Banco was found to have violated a another child's Individual Education Program (IEP), failed to investigate parental reports of Banco delivering the children to their home late and by not arranging proper training for teachers and other school employees to recognize potential child abuse and take appropriate action to protect the children.

8.      Defendant CCSD Thomas O'Roarke Elementary School Principal Kody Barto was the Principal of the School where MJ and JJ were receiving Special Education Services pursuant to their IEPs at the time that Banco was sexually, physically and emotionally abusing them.  The duties of the Principal include the safety and welfare of students on transportation provided by the District.   Mr. Barto showed reckless disregard for the safety of MJ, JJ and the children riding on Banco's bus in that he did not require that the video footage from the cameras on the bus be checked on a regular basis, did not place a bus transportation aide on Banco's route, did not relieve Banco of his duties as a school bus driver, after the school district was held liable for Banco's behavior for the alleged assault and battery of another student, or at least not allow him to drive a school bus with special needs children when Banco was found to have violated a another child's Individual Education Program (IEP), failed to investigate parental reports of Banco delivering the children to their home late and by not arranging proper training for teachers and other school employees to recognize potential child abuse and take appropriate action to protect the children.

9.      Defendant CCSD Transportation Department.  The Transportation Department has supervisory responsibility for the safe transport of students and the operation of transportation services, see Clark County School District Regulation 4214.   The CCSD Transportation Department showed reckless disregard for the safety of MJ, JJ and the children riding on Banco's bus in that they did not require that the video footage from the cameras on the bus be checked on a regular basis, did not place a bus transportation aide on Banco's route, did not relieve Banco of his duties as a school bus driver, after the school district was held liable for Banco's behavior for the alleged assault and battery of another student, or at least not allow him to drive a school bus with special needs children when Banco was found to have violated a another child's Individual Education Program (IEP), failed to investigate parental reports of Banco delivering the children to their home late and by not arranging proper training for teachers and other school employees to recognize potential child abuse and take appropriate action to protect the children.

10.     According to Clark County School District Regulation 4214, Defendant CCSD Transportation Department Transportation Operations Manager, Christopher Jackson has

1  supervisory responsibility for the safe transport of students and the operation of transportation

2  services.  Mr. Jackson as Transportation Operations Manager at the time MJ, and JJ were sexually,

3  and/or physical and emotionally abused, had supervisory responsibility for the safe transport of

4  students and the operation of transportation services.   He showed reckless disregard for the safety

5  of MJ, JJ and the children riding on Banco's bus in that he did not require that the video footage

6  from the cameras on the bus be checked on a regular basis, did not place a bus transportation aide

7  on Banco's route, did not relieve Banco of his duties as a school bus driver after the school district

8  was held liable for Banco's behavior for the alleged assault and battery of another student, or at

9  least not allow him to drive a school bus with special needs children when Banco was found to

10  have violated another child's Individual Education Program (IEP), failed to investigate parental

11  reports of Banco delivering the children to their home late and by not arranging proper training for

12  teachers and other school employees to recognize potential child abuse and take appropriate action

13  to protect the children.

14      11.      All Defendants acted under color of law in committing the acts complained

15  of herein.

16                          JURISDICTION AND VENUE

17      12.   28 USC 1331 confers jurisdiction upon this Court because Plaintiffs seek through

18  their Section 1983 claim to enforce rights guaranteed to their children by the fourteenth

19  amendment, as well as her claims under 20 USC 1400-85 and 20 USC 1681.

20      13.   This Court has jurisdiction over the state law claims pursuant to 28 USC 367 in that

21  these claims arise out of the same incident or incidents that form the basis of the federal claims in

22  this case and hence are so related to the claims in this action that they form part of the same case

23  or controversy under Article III of the US Constitution.

24      14.   Venue properly lies in this Court pursuant to 28 USC 1391(b) (2) because the events

25  giving rise to the lawsuit occurred in here in Clark County Nevada.

26

27

28

NATURE OF THE CLAIMS

15.     Plaintiffs bring this lawsuit on behalf of their minor child under 42 USC Sec. 1983 the Civil Rights Act to secure relief and monetary damages.  Plaintiff's Section 1983 claims arise from the individual Defendants' affirmative acts in violation of MJ's and JJ's fundamental constitutional rights, including but not limited to those substantive due process rights secured by the 14th Amendment (the child's right to bodily integrity and personal safety).

16.     Additionally, Plaintiffs allege claims for violations of MJ's and JJ's rights under 20 USC 1400-85, The Individuals with Disabilities Education Act, specifically 20 USC 1401 (26)(A) as it pertains to transportation of the child.

17.     Further, Plaintiffs allege claims for violation of MJ's and JJ's rights under 20 USC Sec. 1681 et, seq., Title IX of the Educational Amendments of 1972 which Defendants denied MJ and JJ the benefits of, and subjected them to discrimination, harassment, and abuse under and educational program or activity that received federal financial assistance.

18.     Finally, Plaintiffs allege causes of action under the laws of the state of Nevada including, Lewdness with a Child Under 14, Sexual Assault against a child under 14, First Degree Kidnapping, , Negligence pursuant to Respondeat Superior, Negligence Per Se, Negligence, Gross Negligence, Negligent Hiring, Retention and Supervision, Child Abuse, Neglect, or Endangerment, Negligent Infliction of Emotional Distress, Assault, Battery, False Imprisonment.

RELEVANT FACTS

19.     At the time of the incidents complained of herein, MJ and JJ, suffered from delays in speech sound skills which impeded their ability to communicate effectively with the community.  Due to communication difficulty, they struggled to successfully interact with peers and adults.  They required adult assistance to make their needs and wants known which necessitated their transport to Thomas O'Roarke Elementary School for communication and behavioral therapy.

20.     On or about May 27, 2015, a different victim of the sexual abuse by Banco told Officer C. Pugmire, Badge # 9832, that "the bus driver puts his pee pee in my mouth."  County

School Police were notified, and the bus route that victim takes was identified as N3024.  N3024 was also the bus route taken by MJ, and JJ.  Clark County School Police provided surveillance video on three dates that Banco was the driver.

21.     On May 12, 2015 at 11:30 hours Banco is seen on surveillance video sitting next to MJ kissing her neck, rubbing her chest and hugging her.  At 12:12 he again kisses her, fondles her body over her clothes and hugs and rubs her.  Surveillance footage shows MJ's bare buttocks exposed after Banco removes her shorts and places her face down on the seat.  Banco is seen kneeling on the floor and touches her vaginal area with both his fingers and mouth.  He is moving his arm and also fingers in a back and forth motion on the exposed vagina, and it appears that he is committing penetration.  He can be seen rubbing his own groin over his clothes.

22.      On May 13, 2015 at 12:14 hours Banco sits next to MJ, kisses her, hugs and fondles her.  He then has MJ lay down on her back, and he again kneels on the floor.  He is seen on video surveillance using his finger and mouth on her exposed vagina.  He again uses his arms and fingers in a back and forth motion, that appear to show him penetrating her vagina.  He continues these acts from 12:14 hours to 12:26 hours.  He can be seen rubbing his own groin on the outside of his clothes throughout the incident.

23.     On May 26, 2015 at 12:29 hours, Banco kisses MJ's neck and rubs her chest area over her clothes.  Surveillance clearly shows Banco rubbing his own groin during this incident.  At 12:34 hours he walks to the back of the bus where MJ is sitting.  He is rubbing his groin and hugs and kisses her.  At 12:49 hours, Banco stands in front of MJ, and is rubbing his groin.  He then kneels on the seat in front of her, and surveillance shows him from behind with his groin against the child's face.  Banco is seen from behind grinding and thrusting with his hips.  At 12:56 hours, Banco stops thrusting, and appears to be wiping the seat with a napkin or paper towel.

24.     At the time of the incidents herein, JJ, suffered from delays in speech sound skills which impeded his ability to communicate effectively with the community.  Due to communication difficulty, he struggled to successfully interact with peers and adults.  He

1  required adult assistance to make his needs and wants known which necessitated his transport to

2  Thomas O'Roarke Elementary School for communication and behavioral therapy.

3        25.     JJ rode a school bus driven by Banco, with his sister MJ, who was also a special

4  needs child at Thomas O'Roarke Elementary School.  JJ and MJ (his sister) would get on a bus

5  together in the morning when they left for school and in the afternoon when the school day was

6  over.  They would sit together towards the front of the school bus.

7        26.     On at least three separate occasions, from April 1, 2015 through approximately May

8  27, 2015, Banco, an employee of the Clark County School District, would move JJ to the front of

9  the bus while he took MJ to the back of the bus and sexually abused her.

10        27.     Due to the evidence obtained by the surveillance, Banco was charged with multiple

11  crimes by the Clark County District Attorney.  With regard to MJ, Banco was charged with three

12  counts of Sexual Assault with a minor under 14, he was also charged with seven counts of

13  Lewdness with a minor under 14, and three counts of sexually motivated kidnap and three counts

14  of Child Abuse.  On April 12, 2018, Defendant, Banco plead guilty in the Clark County District

15  Court to Sexual Assault with a minor under 16 years of age, and Lewdness with a Child under the

16  age of 14.  Banco was sentenced to life sentences on both counts with the eligibility of parole only

17  after serving a minimum of 35 years in prison because the sentences were run consecutively.

18        28.     Banco's repeated, multiple acts of physical, sexual and emotional abuse of MJ and

19  JJ constituted a pattern or practice of conduct.

20        29.     Throughout the days documented on the surveillance video, as well as others,

21  various parents complained to the school directly as well as the bus transportation facility that the

22  bus driven by Banco was arriving late to drop off the children on his route.  The estimated time

23  MJ and JJ were to be dropped off in front their home was 12:30. On May 26, Banco did not even

24  finish abusing MJ until almost 1:00 pm, a full 30 minutes after the child was supposed to arrive

25  safely at her home. Yet no investigation ensued regarding the reason for the tardiness.  No one

26  even bothered to review the video surveillance tapes to determine the cause of the delays despite

27  complaints by several parents.

28

30.     The tardiness of the bus's arrival was reported to the Clark County School District Transportation Department as well as the school directly, but they failed to investigate these reports or take any other action to ensure that the children were being properly cared for and taken home safely.  After criminal charges were filed against Banco, an employee at the bus depot where Banco picked up and returned the School Bus was heard stating that he (Banco) finally got what he had coming.  Another employee stated that he (Banco) "got away with" many behaviors and incidents that he should have been fired for but "he (Banco) had a friend [in upper management] that was protecting him"  These comments suggest that at other CCSD employees were aware that Banco was abusing children but again failed to take any action prior to one of the three year old victims self-reporting.

31.     In addition to the above, upon arrival at Thomas O'Roarke Elementary School, MJ, JJ and the other special needs children were met by teachers who would watch them get off the bus.  On at least one occasion, a teacher noticed that MJ was delayed in getting off the bus.  This did or should have raised questions in her mind that the child may be being abused or that something was amiss that required investigation, but she failed to report it or take any action to protect the child.

32.     This teacher and other school employees failed to notice and act upon potential signs of abuse that were displayed by the victims of Banco due to a lack to sufficient and appropriate training by the CCSD.

33.     The District's budget allocates funds for the hiring and placing of bus transportation aides on the various bus routes which service special needs children.  In fact, six million dollars was allocated to provide aides for 212 buses transporting students with disabilities in the 2012-2013 school year. It is believed and therefore alleged that at least six million dollars was also allocated for the 2014-2015 school year when MJ was sexually abused, and JJ was falsely imprisoned on their way home from school.

34.     Despite being allocated funds and staff to do so, the CCSD chose not place aides on MJ's and JJ's bus, a bus which transported numerous three to five-year old preschool children with disabilities specifically including speech impairments.

35.     Had the District placed an aide on MJ's and JJ's bus, Banco would not have been able to sexually assault, falsely imprison, physically and emotionally abuse them.

36.     Prior to being charged with sexually abusing MJ, Banco was charged with assaulting and battering another student on his bus in the Clark County School District in 1997.

37.     This incident culminated in a lawsuit being filed against the school district which resulted in an arbitration award against CCSD for negligence due to Banco's failure to follow the student's IEP.  Like MJ and JJ, this student also had difficulty communicating. (Case # 97A371062)

38.     No disciplinary action was taken by the school district against Banco for this incident.

39.     Such discipline should have resulted in Banco being removed from his position as a bus driver, or at least being denied a route with special needs children who cannot speak, communicate or defend themselves like other children.  All of which would have prevented MJ and JJ from being sexually assaulted and/or physically, emotionally and mentally abused by Banco.

40.     CCSD allowed Banco to transport additional special-needs children including three-year old MJ and five-year old JJ who the Clark County School District knew suffered from a speech impairments and an inability to communicate.

41.     MJ's Individualized Educational Program (IEP) Placement dated March 26, 2015, indicates that MJ requires the services of a Speech Pathologist utilizing modified strategies and techniques, such as individualized practice and drills, in order to correctly produce target sounds. The IEP goes on to state that she requires intensive remediation and immediate feedback during a structured setting to focus on target speech errors.

42.     The fact that Banco was allowed to continue working as a special needs student bus driver following charges of assault and battery of another student, which were substantiated by a finding that Banco failed to follow that child's IEP, showed callous and reckless disregard with malice by Defendants for the safety of MJ, JJ and the children riding on Banco's bus.

43.     Throughout the above period of time, the bus that Banco operated for the Clark County School District had working cameras.  The cameras on the bus were intended to ensure the safety, security and care of the special-needs children being transported.

44.     Despite the fact that the cameras were installed to protect the children, Clark County employees never reviewed the tapes from the bus prior to allegations of sexual misconduct against Banco.  Further, the policies and inaction of the CCSD employees resulted in many tapes being recycled and lost forever.

45.     But for the lack of review and recycling of the prior tapes, other acts of sexual abuse would have been uncovered.  If at any time, CCSD employees would have reviewed Banco's tapes of MJ's bus, the abuse that MJ suffered would have been uncovered and would have stopped.

46.     JJ rode a school bus driven by Banco, with his sister MJ, who was also a special needs child at Thomas O'Roarke Elementary School.  JJ and MJ (his sister) would get on a bus together in the morning when they left for school and in the afternoon when the school day was over.  They would sit together towards the front of the school bus.

47.     On at least three separate occasions, from April 1, 2015 through approximately May 27, 2015, Banco, an employee of the Clark County School District, would move JJ to the front of the bus and forcibly buckle him into the three to five point harness while he took MJ to the back of the bus and sexually abused her.

48.     During these times, JJ repeatedly physically resisted being moved from sitting with his sister, MJ and was moved forcibly against his will.

49.     JJ has suffered emotional trauma and guilt at his inability to protect his little sister from sexual abuse at by Banco.

50.     The tardiness of the bus's arrival was reported to the Clark County School District Transportation Department as well as the school directly, but they failed to investigate these reports or take any other action to ensure that the children were being properly cared for and taken home safely.  After criminal charges were filed against Banco, an employee at the bus depot where Banco picked up and returned the School Bus was heard stating that he (Banco) finally got what he had coming.  This suggests that at least one CCSD employee was aware that Banco was abusing children but again failed to take any action prior to one of the three-year old victims self-reporting.

51.     Despite being allocated funds and staff to do so, the CCSD chose not place aides on JJ's bus, a bus which transported numerous young children with disabilities specifically including speech impairments.

52.     Had the District placed an aide on JJ's bus, Banco would not have been able to neglect and abuse him.

53.     Prior to being charged with sexually abusing JJ's sister MJ, Banco was charged with assaulting and battering another special-needs student with communication issues on his bus in the Clark County School District in 1997.  This incident culminated in a lawsuit being filed against the School District which resulted in a finding of negligence on the part of the School District for Banco's behavior of violating the child's Individual Education Program. (Case # 97A371062) Apparently, no disciplinary action was taken by the school district against Banco for this incident.  Such discipline should have resulted in Banco being removed from his position as a bus driver, or at least being denied a route with special needs children who cannot speak, communicate or defend themselves like other children.  All of which would have prevented JJ from being abused and neglected by Banco.  Instead, the District allowed Banco to transport special needs children including five-year old JJ who the Clark County School District knew suffered from a speech impediment and an inability to communicate.

54.     The fact that Banco was allowed to continue working as a special needs student bus driver following substantiated charges of failure to follow a student's IEP amid assault and

battery allegations showed the callous and reckless disregard for the safety of JJ and the children riding on Banco's bus.

55.     Throughout the above period of time, the bus that Banco operated for the Clark County School District had working cameras.  The cameras on the bus were intended to ensure the safety, security and care of the special-needs children being transported.

56.     Despite the fact that the cameras were installed to protect the children, Clark County employees never reviewed the tapes on the bus prior to allegations of sexual misconduct against Banco.  Further, the policies and inaction of the CCSD employees resulted in many tapes being recycled and lost forever.

57.     But for the lack of review and recycling of the prior tapes, other acts of abuse would have been uncovered.  If at any time, CCSD employees would have reviewed Banco's tapes of JJ's bus, the abuse and neglect that JJ suffered would have been uncovered and would have stopped.

### FIRST CAUSE OF ACTION
(Violation of Civil Rights – 42 USC Section 1983)

58.     Plaintiff realleges paragraphs 1 through 57 as though fully set forth herein.

59.     Defendants, had a duty to adequately train, supervise, discipline and retain school bus drivers in order to protect students in their custody, including MJ and JJ from being sexually exploited and/or assaulted, battered, physically and emotionally abused, kidnapped and falsely imprisoned by CCSD employees in violation of their Fourteenth Amendment rights.

60.     Defendants' breached their duty to properly train, supervise, discipline and retain school bus driver Banco, thus failing to protect students in their custody, including MJ and JJ from being sexually exploited and/or assaulted,  battered, physically and emotionally abused, kidnapped and falsely imprisoned by CCSD employees in violation of their Fourteenth Amendment rights.

61.     Defendants had a duty to train other employees such as teachers who were instructed to assist MJ and JJ from the bus in a rudimentary awareness or skill in observing conduct

1  of a bus driver suggesting, or creating a strong inference of, inappropriate conduct toward a

2  student.

3       62.  Teachers, other employees or agents of the Clark County School District were, in

4  fact, in a position to observe the warning signs of inappropriate behavior by Banco toward MJ and

5  JJ but failed to react to them due to a lack of proper training.

6       63.  Defendants failed to train employees or agents of the CCSD who worked at the

7  Bus Depot operated by the Clark County School District Department of Transportation in

8  rudimentary awareness or skill in observing conduct of a bus driver suggesting, or creating a

9  strong inference of, inappropriate behavior toward a student.  The employees were aware that

10  Banco was finishing his route late on a regular basis yet remained unaware that they needed to

11  take action.

12       64.  Banco's actions in committing physical, sexual and emotional abuse of MJ and

13  committing, kidnapping and false imprisonment, neglect and abuse of JJ were the direct and

14  predictable result of the failure of Defendants to train their bus drivers and its teachers and other

15  employees, as alleged above.

16       65.  Defendants had a duty to adequately design and staff the school bus so that bus

17  drivers could not have individual, or unobserved access to young special needs students, risking a

18  violation of their Fourteenth Amendment rights.

19       66.  Defendants breached this duty when they elected not to staff Banco's bus route with

20  a transportation aide.

21       67.  The Clark County School District had cameras in their buses for the express

22  purpose of monitoring the behavior of bus drivers and students.

23       68.  One specific purpose of camera monitoring of a school bus is to discover

24  misconduct, physical, sexual or behavioral, by a bus driver toward a student.

25       69.  Defendants had a policy, practice and/or custom of never observing camera

26  recordings unless a complaint was made.  This allowed Banco to continue his abuse long after it

27  should have been discovered.

28

70.     This policy, practice and/or custom allowed Banco to believe he could abuse MJ and JJ without discovery and thus had no deterrent effect.

71.     Had Defendants, monitored the bus cameras, it would have deterred Banco from sexually abusing MJ or Defendants could have discovered Banco's conduct preventing him from sexually abusing MJ.

72.     Defendants were deliberately indifferent to, and showed a conscious disregard of the pattern of conduct exhibited by Banco toward MJ, and JJ as alleged, by retaining him as a bus driver of special-needs students with speech impairments knowing he was previously alleged to have assaulted and battered another child, and was found to have violated that child's IEP, by failing to even monitor or audit the bus cameras, by failing to place a transportation aide on the bus route, by failing to properly train other staff members such as teachers regarding the warning signs of abuse and by failing to take appropriate action in response to parents' complaints regarding their children being dropped off late when Banco drove his route.

73.     Defendants showed a disregard for a known or obvious consequence of these actions which were the direct and predictable result of the failure of Defendants to execute their duty to protect the right of MJ and JJ to be free from physical, sexual or emotional abuse by a bus driver such as Banco.

74.     Defendants' policy and conduct of failing to review video footage unless a complaint is lodged constituted a pattern or practice of conduct which violated MJ's and JJ's right to be free from physical, sexual and emotional abuse under 42 USC 1983 the Civil Rights Act. Such failure constituted a breach by Defendants of their duty to uphold MJ's and JJ's Civil Rights.

75.     The right of MJ and JJ to be free from physical, sexual or emotional abuse by a bus driver such as Banco is clearly established under 42 USC 1983 The Civil Right Act, as of the dates alleged herein.

76.     Defendants had a duty to protect the rights of MJ and JJ to be free from physical, sexual or emotional abuse and from false imprisonment by a bus driver such as Banco.

77.    Defendants failed to discharge this duty, causing or allowing Banco to have access to MJ for his sexual gratification as alleged, all in violation of MJ's Civil Rights under 42 USC Sec. 1983, and directly causing MJ to suffer physical and mental pain, emotional distress, injury and disability, loss of enjoyment of life and medical and psychological expenses, and also allowing Banco to have access to JJ to falsely imprison, neglect and abuse him as alleged, all in violation of JJ's Civil Rights under 42 USC Sec. 1983, and directly causing JJ to suffer physical and mental pain, emotional distress, injury and disability, loss of enjoyment of life and medical and psychological expenses.

78.    Defendants were deliberately indifferent to, and showed a conscious disregard of, the pattern of conduct exhibited by Banco toward MJ and JJ as alleged, by failing to ever monitor or audit the bus cameras, failing to follow up on parent complaints of tardiness, failure to provide transportation aides on the special needs bus routes so the drivers are never left alone with the children and by assigning a bus driver who was previously alleged to have assaulted and battered another special needs student and who violated that student's IEP, to a route with very young, helpless, special needs students with speech and communication impairments. Further, defendants showed a disregard for a known or obvious consequence of this action, i.e., failure to monitor Banco in his interactions with MJ, a three (3) year-old, female special-needs student and JJ, a five-year old special needs student.

SECOND CAUSE OF ACTION
(Violation of 20 USC Chapter 33)
(The Individuals with Disabilities Education Act)
(Violation of Section 504 of the Rehabilitation Act of 1973)
(29 USC 794 et seq.)

79.    Plaintiff realleges paragraphs 1 through 78 as though fully set forth herein.

80.    The stated purpose of the Individuals with Disabilities Education Act (IDEA) is to ensure that all children with Disabilities have available to them a free appropriate public education that emphasizes Special Education and related services designed to meet their unique needs and prepare them for further education, employment and independent living.

81.     Free appropriate public education is defined in 20 USC 1401 (9) as special education and related services that have been provided at public expense, under public supervision and direction, and without charge, meet the standards of the State educational agency and include an appropriate preschool, elementary school or secondary school education in the state involved.

82.     Related services are defined in 20 USC 1401 (26) as transportation.  Therefore, safe bus transportation was anticipated to be and indeed is included as a basic right to which each child is entitled under the IDEA.

83.     It is specifically due to the IDEA that MJ and JJ were attending a Clark County Public School in the first place, at the very young age of only three and five years old.

84.     When a county implements the IDEA under its state's laws, the county school district has a duty to do so in a manner that will protect these young disabled children and provide them with transportation and classroom facilities free from physical, emotional and sexual abuse.

85.     By placing and continuing to allow a three-year old girl, and five-year old boy who had been determined to be special needs children, with speech and communication impairments on a bus with a driver who Defendants knew or should have known was not completing his route in a timely manner on a regular basis, manifested a deliberate indifference by the Defendants to the Federal Statutory rights of the subject children under IDEA.

86.     Placing and continuing to allow a three year old girl, and five-year old boy who had been determined to be special needs children, with speech and communication impairments on a bus with a driver who Defendants knew had previously been alleged to have assaulted and battered another special needs student, and violated that student's IEP, manifested a deliberate indifference by Defendants to the Federal Statutory rights of the subject children under the IDEA.

87.     By placing and continuing to allow a three year old girl and five year old boy who had been determined to be special needs children, with speech and communication impairments on a bus with a driver who Defendants knew was alone with the students with no additional adult supervision, such as a transportation aide, manifested a deliberate indifference by Defendants to the Federal Statutory rights of the subject children under the IDEA.

88.     By placing and continuing to allow a three-year-old girl, and five year old boy who had been determined to be special needs children, with speech and communication impairments on a bus where Defendants knew there was camera equipment recording the driver's activity yet, maintained a policy and practice of only reviewing the recordings if, and AFTER an incident had been alleged, manifested a deliberate indifference by Defendants to the Federal Statutory rights of the subject children under the IDEA.

89.     Defendants failed to provide safe transportation free from physical, emotional and sexual abuse to MJ and JJ by causing or allowing Banco to have access to MJ, for his sexual gratification, as alleged, all in violation of the IDEA, and directly causing MJ to suffer physical and mental pain, emotional distress, injury and disability, loss of enjoyment of life and medical and psychological expenses.

90.     Defendants failed to provide safe transportation free from physical and emotional abuse of JJ by causing or allowing Banco to have access to JJ, to falsely imprison, neglect and abuse, as alleged, all in violation of the IDEA, and directly causing JJ to suffer physical and mental pain, emotional distress, injury and disability, loss of enjoyment of life and medical and psychological expenses.

THIRD CAUSE OF ACTION
(Violation of 20 U.S.C Sec. 1681 et. seq. against Defendants as to MJ)

91.     Plaintiff realleges paragraphs 1 through 90 as though fully set forth herein.

92.     That in committing the acts alleged above, Defendants, each of them, violated Title IX of the Educational Amendments of 1972, which denied MJ and those similarly situated the benefits of, and subjected them to discrimination, harassment and abuse under, an educational program or activity that received federal financial assistance.

93.     Defendants' conduct constituted deliberate indifference to actual knowledge of a substantial risk of abuse and harassment to MJ and those similarly situated.

Such abuse and harassment were pervasive, severe and objectively offensive and created a hostile climate based on sex.

94.     That as a direct and proximate result of Defendants' foregoing wrongful conduct, MJ and those similarly situated have suffered damages, extreme physical and emotional distress and harm.  Further, Defendants' conduct deprived MJ and those similarly situated of access to the educational opportunities and benefits of the CCSD, in violation of Title IX.

95.     That the aforementioned acts were conducted in a wanton, willful, malicious manner, with conscious disregard for MJ's rights and rights of those similarly situated.

## FOURTH CAUSE OF ACTION
### (Lewdness with a Child Under 14 as to MJ)

96.     Plaintiff realleges paragraphs 1 through 95 as though fully set forth herein.

97.     Banco, the school bus driver did willfully, lewdly, unlawfully and feloniously commit a lewd or lascivious act upon or with body, or any part or member thereof, MJ, a child under the age of fourteen years, by kissing and or hugging her about the body, with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of the defendant.

98.     Defendant, Banco, the school bus driver did willfully, unlawfully and feloniously cause a child under the age of 18 years, to wit:  MJ, being approximately 3 year(s) of age, to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect, to wit: sexual abuse, and/or cause MJ to be placed in a situation where she might have suffered unjustifiable physical pain or mental suffering as a result of abuse or neglect, to wit:  sexual abuse, by the Defendant touching, rubbing and or fondling the said MJ about the body with his hand(s) and/or finger(s) and/or kissing the said MJ about the body, and or sexually assaulting the said MJ by fellatio, and/or performing cunnilingus on the said MJ, and/or by the Defendant rubbing his penis through his pants in front of said MJ.

### FIFTH CAUSE OF ACTION
(Sexual Assault as to MJ)

99.     Plaintiff realleges paragraphs 1 through 98 as though fully set forth herein.

100.     The School Bus Driver did willfully, unlawfully and feloniously sexually assault and MJ, a female child  under fourteen years of age, to sexual penetration, to wit;  cunnilingus and/or anal penetration:  by placing his mouth and/or tongue on or in the genital opening and/or the anal opening of the said MJ, against her will, or under conditions in which defendant knew, or should have known, that MJ was mentally or physically incapable of resisting or understanding the nature of defendant's conduct.

### SIXTH CAUSE OF ACTION
(First Degree Kidnapping as to MJ)

101.     Plaintiff realleges paragraphs 1 through 100 as though fully set forth herein.

102.     Defendant, Banco, the School Bus Driver did willfully, unlawfully and feloniously, lead, take, entice, carry away or kidnap MJ, a minor with the intent to keep, imprison, or confine MJ, from her parents, guardians, or other persons having lawful custody of MJ, or with the intent to hold MJ to unlawful service, or to perpetrate upon the person of MJ sexual abuse.

### SEVENTH CAUSE OF ACTION
(First Degree Kidnapping as to JJ)

103.     Plaintiff realleges paragraphs 1 through 102 as though fully set forth herein.

104.     Defendant, Banco, the school bus driver did willfully, unlawfully and feloniously, lead, take, entice, carry away or kidnap JJ, a minor with the intent to keep, imprison, or confine JJ, from his parents, guardians, or other persons having lawful custody of JJ, or with the intent to hold JJ to unlawful service, by separating him from his sister on at least three occasions by forcibly moving him from his chosen seat near his sister to a seat at the front of the bus then restraining him physically with the seat's three to five point harness seatbelt while Banco

sexually abused his sister in the back of the bus, then dropping him off at his home late on numerous occasions because he had been sexually abusing his sister.

EIGHTH CAUSE OF ACTION
(Negligence pursuant to Respondeat Superior)

105.    Plaintiff realleges paragraphs 1 through 104 as though fully set forth herein.

106.    According to the Clark County School District, Human Resources Division, a School Bus Driver, under general supervision, drives a school bus to transport students to and from Clark County School District Schools and on special trips.  The Transportation Department of the Clark County School District has supervisory responsibility for the safe transport of students and the operation of transportation services, (see Clark County School District Regulation 4214).

107.    At the time he sexually abused the child, Michael Banco was employed by the Clark County School District and was operating a school bus which was within the course and scope of his employment and was under the direct control of the Clark County School District.

108.    Due to the fact that Banco had previously been alleged to have assaulted and battered another special needs student and violated that student's IEP, that there was no transportation aide on the bus route, that the District had a policy of not reviewing the bus camera footage until after an incident is reported, that other staff members were not properly trained to spot signs of abuse as well the fact that parent complaints of late drop-offs were never investigated, it was not unforeseeable, that while acting in his capacity as a school bus driver, Banco would sexually abuse and/or physically, mentally and emotionally abuse and/or kidnap and falsely imprison and in fact did sexually abuse and/or physically, mentally and emotionally abuse and/or kidnap and falsely imprison MJ, and JJ special both needs children with speech and communication impairment whom it was his duty to transport.

109.     Since the Defendant, Banco was acting within the course and scope of his employment, under the direct control of the Transportation Department of the Clark County School District when he did sexually abuse and/or physically, mentally and emotionally abuse and/or kidnap and falsely imprison MJ, and JJ which was reasonably foreseeable, the Clark County School District is vicariously liable.

NINTH CAUSE OF ACTION
(Negligence Per Se)

110.     Plaintiff realleges paragraphs 1 through 109 as though fully set forth herein.

111.     NRS 386.790 (1) states that as provided in this title, the board of trustees of any school district may furnish transportation for all resident children of school age in the school district attending a public school, including pupils assigned to special schools or programs pursuant to NRS 388.417 to 388.469 inclusive, or 388.5251 to 388.5267 inclusive.

112.     NRS 386.790 (3) (c) states for the safety of pupils being transported, govern the conduct of drivers by making and enforcing regulations not inconsistent with regulations of the State Board of Education or with law.

113.     According to the Nevada School Bus Driver Training Manuel, which is the State Board of Education's approved training document, there are additional knowledge and responsibility requirements of school bus drivers when transporting pre-school age children.

114.     In addition to their regular duties, school bus drivers are responsible for general knowledge about the development of young children, including specific disability conditions;

        a.   age appropriate physical handling;

        b.   communication and behavior management of young children;

        c.   knowledge about child protection laws (e.g., abuse and neglect); and

d.  effective communication skills with school staff, students, parents, law enforcement officials and the motoring public.

115.   Based on NRS 386.790 (3) (c), the Board of Trustees of the Clark County School District could not make or enforce any regulations inconsistent with these requirements.

116.   It is believed and therefore alleged that Defendant, Banco lacked the training and knowledge required by the Nevada School Bus Driver Training Manuel.  He was a regular bus driver for the Clark County School District who based on his seniority was given his choice of what bus route he would drive, yet Banco received no special training dealing with special needs children as required.

117.   Since MJ and JJ were special needs children who under their IEP's the Clark County School District was required to provide transportation to and from school.

118.   MJ and JJ were clearly in the class of people the Nevada School Bus Training Manuel was intended to protect.

119.   MJ and JJ suffered mental, physical, emotional and sexual abuse resulting in damages at the hand of Banco.

120.   Because MJ and JJ were in the class of people under the protection of the Nevada School Bus Training Manuel and hence NRS 386.790 (1) and Banco was not properly trained in accordance with that Training Manuel, Clark County School District is Negligent Per Se.

TENTH CAUSE OF ACTION
(Negligence and Gross Negligence)

121.   Plaintiff realleges paragraphs 1 through 120 as though fully set forth herein.

122.   Defendants owed a duty of care to MJ and JJ in that under the Individuals with Disabilities Education Act the School District was required to provide an Individualized Education Program for the subject children and related services which included bus transportation.  The

School District must provide safe travel to the children transported on their buses, free from physical, emotional and sexual abuse, kidnapping and false imprisonment.

123.    Defendants, breached that duty by;

a.    Allowing Banco to drive a bus with special needs children without the required training.

b.    Allowing Banco to drive a bus with special needs children even though it had previously been alleged that he assaulted and battered another special-needs child on his bus route and did violate that child's IEP.

c.    Allowing Banco to drive a bus with special needs children knowing there is camera recorded video yet neglecting to review the footage until an incident had already been reported.

d.    Allowing Banco to continue to drive a bus with special needs children even though the school and bus transportation had received complaints about the fact that Banco was regularly late when delivering the children to their homes after school.

e.    Refusing to follow up upon or investigate reports by parents and others regarding the fact that Banco was regularly late when delivering the children to their homes after school.

f.    Allowing Banco to drive a bus with special needs children without assigning another employee such as transportation aide to accompany him on the route, thereby allowing Banco unsupervised and unrestrained access to very young, helpless children who have speech and communication impairments.

124.    As a direct and proximate result of the above referenced breach of their duties, by Defendant, MJ and JJ were sexually abused and physical, mentally and emotionally abused and

kidnapped and falsely imprisoned by their bus driver, Banco causing them severe emotional, psychological and physical damages.

ELEVENTH CAUSE OF ACTION
(Negligent Hiring, Retention and Supervision)

125.   Plaintiff realleges paragraphs 1 through 124 as though fully set forth herein.

126.   CCSD has a duty to hire, train, maintain and supervise its employees in such a way as to minimize the risk of them harming students.

127.   CCSD did a standard background check of Banco when he was hired in 1995.

128.   No further background check was done of Banco despite the fact that the Superintendent of Schools himself admitted that the background check policy of the CCSD is flawed.

129.   The CCSD was aware that their background checks were flawed resulting in CCSD's negligent hiring of employees such as Banco and causing children to be sexually, physically and emotionally abused.

130.   Flaws in background checks and lack of training by the school district have been major contributors to the fact that in recent years more than thirteen CCSD employees were charged with sexually abusing children.

131.   Over the past ten years more than thirty Clark County School District employees have been arrested for alleged sexual misconduct.

132.   During only three months, April – May of 2015 (the same time MJ was being sexually assaulted by Banco), five CCSD workers were charged with sexual assault.

133.   Banco was assigned, (at his own personal request), to transport very young special needs children some of whom where on that bus specifically because they had speech and communication impairments.

134.    CCSD wrongfully retained Banco as an employee, thereby breaching its duty to keep MJ and JJ reasonably safe from mental, emotional, physical and sexual abuse at the hands of Banco when it retained Banco as a School Bus Driver after he was alleged to have assaulted and battered another special needs student and found to have violated that child's IEP, on his bus route in 1997 while employed with the Clark County School District.

135.    CCSD also failed to properly supervise Banco thereby breaching its duty to keep MJ and JJ reasonably safe from mental, emotional, physical and sexual abuse at the hands of Banco when it created and maintained a policy refusing to review camera footage on the School Buses which would have allowed them to properly supervise bus drivers and would have prevented MJ and JJ from being abused.

136.    Though the cameras were recording what was taking place on the bus and were intended to protect the children, the Clark County School District never reviewed the tapes. Banco was aware that the tapes were not reviewed by the School District thus allowing him to abuse MJ and JJ and not be caught.

137.    The CCSD also failed to properly supervise Banco thereby breaching its duty to keep MJ and JJ reasonably safe from mental, emotional, physical and sexual abuse at the hands of Banco when it created and maintained a policy refusing to place transportation aides on the bus with Banco thereby allowing him unsupervised access to sexually assault the young children in his care.

138.    The CCSD wrongfully retained Banco thereby breaching its duty to keep MJ and JJ reasonably safe from mental, emotional, physical and sexual abuse at the hands of Banco when it maintained a policy of performing only one background check upon hire and no other checks on its bus drivers and specifically, Banco who was later assigned (at his own request) to transport very young special needs children.

139.     The CCSD breached its duty to properly supervise and wrongfully retained, Banco thereby breaching its duty to keep MJ and JJ reasonably safe from mental, emotional, physical and sexual abuse at the hands of Banco when it failed to follow up on complaints that the bus was regularly late when returning the children home from school.

140.     The CCSD's negligent hiring, supervision and retention of Banco was the direct and proximate cause of the emotional, physical and sexual abuse suffered by MJ and JJ at the hands of Banco on at least three occasions.

## TWELFTH CAUSE OF ACTION
### (Child Abuse, Neglect, or Endangerment)

141.     Plaintiff realleges paragraphs 1 through 140 as though fully set forth herein.

142.     Defendant, Banco, the School Bus Driver did willfully, unlawfully, maliciously and feloniously cause children under the age of 18 years, to wit: MJ and JJ, being approximately three and five years of age respectively, to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect, and/or cause MJ and JJ  to be placed in a situation where they might have suffered unjustifiable physical pain or mental suffering as a result of abuse, sexual abuse or neglect.

143.     On at least three occasions Banco sexually assaulted MJ and on at least three occasions Banco moved JJ from his chosen seat to a seat at the front of the bus, then restrained him with the three to five point harness seatbelt, while Banco sexually abused his sister MJ in the back of the bus.

144.     Banco was aware that MJ and JJ suffered from delays in speech sound skills which impeded his ability to communicate effectively.

145.     As a result of being sexually abused by Banco, MJ endured unjustifiable mental suffering for which she is receiving mental health therapy, said suffering will likely continue for

a significant amount of time into the future and require counseling and other mental health

services for a substantial period of time.

146.     As a result of being placed in the front of the bus and consequently being

separated from his sister JJ was unable to protect his sister from being sexually abused by Banco.

This caused him unjustifiable mental suffering for which he is receiving mental health therapy,

said suffering will likely continue for a significant amount of time into the future and require

counseling and other mental health services for a substantial period of time.

**THIRTEENTH CAUSE OF ACTION**
(Negligent Infliction of Emotional Distress as MJ and JJ)

147.     Plaintiff realleges paragraphs 1 through 146 as though fully set forth herein.

148.     Defendants, acted in a negligent manner causing injury to MJ's by:

a.  Allowing Banco to drive a bus with special needs children without the required

training.

b. Allowing Banco to drive a bus with special needs children even though he had

previously been found to have violated another special-needs child's Individual Education

Program (IEP) amid allegations that he assaulted and battered that special needs child on his bus

route.

c. Allowing Banco to drive a bus with special needs children knowing there is

camera recorded video yet neglecting to review the footage until an incident had already been

reported.

d. Allowing Banco to continue to drive a bus with special needs children when

even though the school and bus transportation had received complaints about the fact that Banco

was regularly late when delivering the children to their homes after school.

e. Refusing to follow up upon or investigate reports by parents and others regarding the fact that Banco was regularly late when delivering the children to their homes after school.

f. Allowing Banco to drive a bus with special needs children without assigning another employee to accompany him on the route, thereby allowing Banco unrestrained access to very young, helpless children who have speech and communication impairments.

149.    MJ was sexually assaulted by Banco.

150.    JJ witnessed his sister MJ being sexually abused by Banco since he rode the same bus with his sister during the times she was sexually abused by Banco.

151.    JJ is closely related to MJ in that she is his biological sister.

152.    Being sexually assaulted caused MJ suffered emotional distress.

153.    JJ suffered emotional distress by witnessing his sister MJ being sexually abused by Banco on at least three occasions.

154.    This caused MJ and JJ unjustifiable mental suffering which will likely continue for a significant amount of time into the future, has required and with continue to require counseling and other mental health services for a significant period of time.

FOURTEENTH CAUSE OF ACTION<br>(Negligent Infliction of Emotional Distress)

155.    Plaintiff realleges paragraphs 1 through 154 as though fully set forth herein.

156.    Defendants, acted in a negligent manner causing injury to MJ's by:

a.  Allowing Banco to drive a bus with special needs children without the required training.

b. Allowing Banco to drive a bus with special needs children even though he had previously been found to have violated another special-needs child's Individual Education

Program (IEP) amid allegations that he assaulted and battered that special needs child on his bus route.

       c. Allowing Banco to drive a bus with special needs children knowing there is camera recorded video yet neglecting to review the footage until an incident had already been reported.

       d. Allowing Banco to continue to drive a bus with special needs children when even though the school and bus transportation had received complaints about the fact that Banco was regularly late when delivering the children to their homes after school.

       e. Refusing to follow up upon or investigate reports by parents and others regarding the fact that Banco was regularly late when delivering the children to their homes after school.

       f. Allowing Banco to drive a bus with special needs children without assigning another employee to accompany him on the route, thereby allowing Banco unrestrained access to very young, helpless children who have speech and communication impairments.

157.    MJ was sexually assaulted by Banco.

158.    JJ witnessed his sister MJ being sexually abused by Banco since he rode the same bus with his sister during the times she was sexually abused by Banco.

159.    JJ is closely related to MJ in that she is his biological sister.

160.    Being sexually assaulted caused MJ suffered emotional distress.

161.    JJ suffered emotional distress by witnessing his sister MJ being sexually abused by Banco on at least three occasions.

162.    This caused MJ and JJ unjustifiable mental suffering which will likely continue for a significant amount of time into the future, has required and with continue to require counseling and other mental health services for a significant period of time.

FIFTEENTH CAUSE OF ACTION
(Assault)

163.    Plaintiff realleges paragraph 1 through 162 as though fully set forth herein.

164.    Defendant Banco intentionally placed MJ in reasonable apprehension of immediate harmful or offensive touching by sexually assaulting her.

165.    Defendant Banco intentionally placed JJ in reasonable apprehension of immediate harmful or offensive touching by moving him from his chosen seat on the bus to the front of the bus and restraining him with the three to five-point harness seatbelt so he could not get out of the seat on at least three occasions while Banco sexually abused JJ's sister in the back of the bus, without his consent.

166.    Defendant Banco intended to cause the harmful or offensive touching when he sexually assaulted MJ.

167.    Defendant Banco intended to cause the harmful or offensive touching when he moved JJ to the front of the bus.

168.    MJ was put in apprehension of such contact since she was aware she was going to be sexually assaulted by Banco.

169.    This caused him unjustifiable mental suffering which will likely continue for a significant amount of time into the future, has required and will continue to require counseling and other mental health services for a significant period of time.

170.    JJ was put in apprehension of such contact since he was afraid he was going to be moved to the front of the bus so Banco could sexually abuse JJ's sister in the back of the bus.

171.    This caused him unjustifiable mental suffering which will likely continue for a significant amount of time into the future, has required and will continue to require counseling and other mental health services for a significant period of time.

FIFTEENTH CAUSE OF ACTION
(Battery)

172.    Plaintiff realleges paragraphs 1 through 171 as though fully set forth herein.

173.    Defendant Banco did willfully and unlawfully and maliciously use force or violence upon JJ (causing a harmful or offensive contact with JJ) when he moved JJ from his chosen seat on the bus to the front of the bus where Banco restrained  bus so he could sexually abuse MJ in the back of the bus.

174.    Defendant Banco intended to cause the harmful or offensive contact.

175.    Such contact did occur and as a result JJ suffered unjustifiable mental suffering which will likely continue for a significant amount of time into the future and require counseling and other mental health services for a significant period of time.

176.    Defendant Banco did willfully and unlawfully use force or violence upon MJ (causing a harmful or offensive contact with MJ) when he sexually assaulted MJ.

177.    Defendant Banco intended to cause the harmful or offensive contact.

178.    Such contact did occur and as a result MJ suffered unjustifiable mental suffering which will likely continue for a significant amount of time into the future and require counseling and other mental health services for a significant period of time.

SIXTEENTH CAUSE OF ACTION
(False Imprisonment)

179.    Plaintiff realleges paragraphs 1-178 as if fully set forth herein.

180.    Defendant Banco confined or detained MJ without sufficient legal authority by moving her to the back of the bus on a least three occasions without her consent while he sexually abused her and by bringing her home late on a regular basis and causing her to be on the bus an unnecessarily excessive amount of time because Banco was sexually abusing her instead of driving the special needs children home in an expeditious manner.

181.    MJ had no reasonable means of escape from the bus.

182.    Defendant Banco confined or detained JJ without sufficient legal authority by moving him to the front of the bus on a least three occasions without his consent while he sexually abused his sister in the back of the bus and by bringing him home late on a regular basis and causing him to be on the bus an unnecessarily excessive amount of time because Banco was sexually abusing his sister instead of driving the special needs children home in an expeditious manner.

183.    JD had no reasonable means of escape from the bus especially in light of the fact that he was belted into the seat with a seatbelt harness.

CONCLUSION

184.    MJ and JJ suffered numerous horrible experiences they will never fully recover from at the hands of Michael Banco.  They have been diagnosed with Generalized Anxiety Disorder and Posttraumatic Stress Disorder and remain in treatment. Banco has plead guilty to his crimes in state criminal court.  However, his imprisonment will do nothing to address the years of suffering and the life-long road to healing which these very young children must endure. Banco did not act alone in this horrific behavior.  He was assisted by his employer, the Clark County School District.

185.    The Clark County School District and Defendants, Clark County School District – Transportation Department, Clark County School District Superintendent Pat Skorkowski, Clark County School District Assistant Superintendent Kristine Minnich, Thomas O'Rourke Elementary School Principal Kody Barto and Clark County School District Transportation Department, Transportation Manager Christopher Jackson ignored the fact that Banco had already been accused of assaulting and battering another special needs student and did violate

that child's IEP, then affirmatively allowed him to choose his route of helpless special-needs victims and handed these children over to him.

186.     The Clark County School District and Defendants, Clark County School District – Transportation Department, Clark County School District Superintendent Pat Skorkowski, Clark County School District Assistant Superintendent Kristine Minnich, Thomas O'Rourke Elementary School Principal Kody Barto and Clark County School District Transportation Department, Transportation Manager Christopher Jackson ignored complaints that should have alerted them to a problem with Banco.  Instead, they allowed him to continue to have all the time he needed to sexually, physically and emotionally abuse as well as kidnap the children in his charge.

187.     The Clark County School District and Defendants , Clark County School District – Transportation Department, Clark County School District Superintendent Pat Skorkowski, Clark County School District Assistant Superintendent Kristine Minnich, Thomas O'Rourke Elementary School Principal Kody Barto and Clark County School District Transportation Department, Transportation Manager Christopher Jackson adopted a retro-active policy of only reviewing the video tapes from the buses AFTER an incident had already occurred, despite the fact that the cameras were installed to protect the children.  Banco knew of this policy and thus sexually abused MJ and JJ in full view of the cameras knowing no one would be watching.

188.     The Clark County School District and Defendants , Clark County School District – Transportation Department, Clark County School District Superintendent Pat Skorkowski, Clark County School District Assistant Superintendent Kristine Minnich, Thomas O'Rourke Elementary School Principal Kody Barto and Clark County School District Transportation Department, Transportation Manager Christopher Jackson failed to update their background

check policies despite the fact that they knew that at least 13 students had been sexually abused by CCSD employees in one year alone.

189.    The Clark County School District and Defendants , Clark County School District – Transportation Department, Clark County School District Superintendent Pat Skorkowski, Clark County School District Assistant Superintendent Kristine Minnich, Thomas O'Rourke Elementary School Principal Kody Barto and Clark County School District Transportation Department, Transportation Manager Christopher Jackson failed to provide the proper training to Banco required by state law when a driver has special needs students on the bus and instead merely let him choose whichever route he wanted regardless of his lack of training.

190.    All of the above occurred in violation of MJ's and JJ's Federal Civil Statutory and Constitutional rights as well as constituting, willful, reckless and malicious disregard for their safety, and negligent disregard for their safety in violation of their rights, and statutes enacted by the state of Nevada.

DEMAND FOR JURY TRIAL

191.    Plaintiff is entitled to a jury trial and hereby invokes that right; Plaintiff's demand a trial by jury with respect to all claims against Defendants.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for entry of judgment and an order providing;

1.   That the practices of Defendants Clark County School District and Defendants, Clark County School District – Transportation Department, Clark County School District Superintendent Pat Skorkowski, Clark County School District Assistant Superintendent Kristine Minnich, Thomas O'Rourke Elementary School Principal Kody Barto and Clark County School District Transportation Department, Transportation Manager Christopher Jackson complained of

herein are adjudged decreed and declared to have violated MJ's and JJ's Constitutional rights and their rights under 20 USC Chapter 33, the Individual with Disabilities Education Act.

2.   For actual and compensatory damages in an amount to be ascertained according to proof;

3.   For punitive damages in an amount sufficient to punish and deter these defendants and others from like conduct and to motivate the Defendants to change their behavior and policies in such a way as to better safeguard the children in their care;

4.   Prejudgment interest;

5.   Attorney's fees

6.   Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: October ___2___, 2020

                                        ELLER LAW, LLC

                                        _Crystal Eller_____
                                        CRYSTAL ELLER ESQ.
                                        Bar Number 4879
                                        104 South Jones Blvd.
                                        Las Vegas, NV 89107
                                        Attorney for Plaintiffs