1

2  **ANTHONY P. SGRO, ESQ.**
   Nevada Bar No. 3811

3  **ALANNA BONDY, ESQ.**
   Nevada Bar No. 14830

4  **SGRO & ROGER**
   720 S. 7th Street, 3rd Floor

5  Las Vegas, Nevada 89101
   Telephone: (702) 384-9800

6  Facsimile: (702) 665-4120
   tsgro@sgroandroger.com

7  abondy@sgroandroger.com

8  *Attorneys for Plaintiffs*

9
                   **UNITED STATES DISTRICT COURT**

10
                          **DISTRICT OF NEVADA**

11

12  APRIL JOHNSON, an individual,
    DUJUN JOHNSON, an individual, as guardians

    of MJ and JJ, Minors,                          CASE NO.  2:20-cv-01823-JCM-VCF

13

14                         Plaintiffs,

15  vs.

16  MICHAEL BANCO, an individual; CLARK       **PETITION FOR COMPROMISE OF**
    COUNTY SCHOOL DISTRICT, a Clark                **MINORS' CLAIMS**

17  County, Nevada governmental entity; CLARK
    COUNTY      SCHOOL      DISTRICT

18  TRANSPORTATION    DEPARTMENT,    a
    Clark County, Nevada governmental entity; the

19  Clark County School District Superintendent
    PAT SKORKOWSKI, an individual; the Clark

20  County    School    District    Assistant
    Superintendent,  KRISTINE  MINNICH,  an

21  individual; the Clark County School District
    Thomas   O'Rourke   Elementary   School

22  Principal, KODY BARTO, an individual; the
    Clark County School District Transportation

23  Department,      Operations      Manager,
    CHRISTOPHER JACKSON, an individual;

24  DOES 1-10 inclusive; and ROE Corporations,
    11-20, inclusive,

25

26            Defendants.

27

28

                                    1

COMES NOW, MJ (born September 9, 2011) and JJ (born February 15, 2010), unemancipated minors and real parties in interest in the above-entitled matter, by and through their natural parents and guardians, APRIL JOHNSON and DUJUN JOHNSON (hereinafter "Petitioners"), and their counsel of record, ANTHONY P. SGRO, ESQ. and ALANNA C. BONDY, ESQ. of the law firm SGRO & ROGER; and hereby petitions this Honorable Court for an Order approving settlement of MJ's and JJ's claims against Defendants CLARK COUNTY SCHOOL DISTRICT, MICHAEL BANCO, PAT SKORKOWSKY, KRISTINE MINNICH, KODY BARTO, and CHRISTOPHER JACKSON.

### A. Statement of Facts

1.    MJ is currently ten (10) years old, and her present address is 10447 Lyric Arbor Drive, Las Vegas, NV 89135. MJ resides with the Petitioners, who are her natural parents and guardians.

2.    JJ is currently eleven (11) years old, and his present address is 10447 Lyric Arbor Drive, Las Vegas, NV 89135. JJ resides with the Petitioners, who are his natural parents and guardians.

3.    Petitioners have physical custody and control of MJ and JJ.

4.    The events giving rise to the instant litigation occurred in and around May of 2015, when MJ was three (3) years old and JJ was five (5) years old.

5.    In May of 2015, both MJ and JJ attended Thomas O'Roarke Elementary School. Both children suffered from developmental delays which resulted in both MJ and JJ receiving Independent Education Program (IEP) services.

6.    In May of 2015, both MJ and JJ were transported to and from school via a Clark County School District school bus that was equipped for children with special needs. At all times relevant hereto, Defendant Michael Banco (hereinafter "Banco"), who was employed by the Clark County School District, operated the school bus that transported MJ and JJ home from school.

7.    On or about May 27, 2015, a different child that rode the same school bus route as MJ and JJ reported to her grandmother that Defendant Banco "put his pee pee in [her] mouth." Las Vegas Metropolitan Police were contacted on the same day and an investigation commenced.

8.      Defendant Clark County School District (hereinafter "CCSD") produced surveillance video footage from the interior of Banco's bus that spanned the period from May 12, 2015 to May 27, 2015. MJ is depicted riding on the bus on May 12, 2015, May 13, 2015 and May 27, 2015. On each of those three (3) days, Banco was depicted on video repeatedly sexually abusing MJ along the bus route.

9.      JJ was physically present on the bus when MJ was sexually abused by Banco.

10.      On May 27, 2015, Banco was arrested in connection with his sexual abuse of MJ and other children. On April 12, 2018, Banco pled guilty in the Eighth Judicial District Court in Clark County, Nevada, to one (1) count of sexual assault with a minor under sixteen (16) years of age, and one (1) count of lewdness with a child under the age of fourteen (14).

11.      MJ has been diagnosed with posttraumatic stress disorder and anxiety disorder. Both children have seen numerous counselors and therapists to address the aftermath of Banco's sexual abuse.

12.      MJ's counsellors noted that MJ exhibited the following symptoms following the abuse: bed wetting,  nightmares, trouble sleeping, issues with using the bathroom, tantrums, violent outbursts, lying, attention seeking behaviors, aggression towards siblings, difficulties understanding appropriate boundaries, clinging to JJ, and lack of remorse.

13.      MJ's counsellors have suggested that MJ is likely to require therapy for the rest of her life to address ongoing issues related to the sexual abuse and that MJ is likely to experience increased symptoms and disruptions during and following certain triggering events throughout her life, for example, puberty, new relationships, marriage, and childbirth.

## B. Procedural History

14.      On October 2, 2020, Plaintiffs April Johnson, Dujun Johnson, MJ, and JJ, filed a Complaint in the United States District Court for the District of Nevada. The Complaint named Michael Banco, Clark County School District, Clark County School District Transportation Department, Pat Skorkowsky, Kristine Minnich, Kody Barto, and Christopher Jackson as Defendants.

15.     Plaintiffs Complaint alleges violations of 42 U.S.C. § 1983, 20 U.S.C. Chapter 33, 29 U.S.C. § 794, 20 U.S.C. § 1681, as well as causes of action for Lewdness with a child Under 14, Sexual Assault, First Degree Kidnapping, Negligence, Gross Negligence, Child Abuse, Neglect, or Endangerment, Negligent Infliction of Emotional Distress, Assault, Battery, and False Imprisonment.

16.     Defendant Michael Banco (hereinafter "Banco") did not make an appearance in the case. However, prior counsel for the Plaintiffs received correspondence from Banco dated November 3, 2020, wherein Banco informed prior counsel that he did not intend to "fight or contest the case."

17.     The Clark County School District Transportation Department was voluntarily dismissed as a Defendant from this action on December 11, 2020, as the Clark County School District Transportation Department is not a separate legal entity from the Clark County School District, such that an action could be maintained against the transportation department itself.

18.     On December 3, 2020, Defendants Clark County School District, Pat Skorkowsky, Kristine Minnich, Kody Barto, and Christopher Jackson (hereinafter the "CCSD Defendants"), filed an Answer to Plaintiffs' Complaint, disputing Plaintiffs' claims.

19.     Thereafter, thousands of pages of discovery were exchanged, both sides retained experts, and a deposition schedule for approximately twenty (20) witnesses was created.

20.     After the first deposition of one of Clark County School District's employees was completed, the parties agreed to file a stipulation and order to extend discovery deadlines in order to attend non-binding mediation to attempt to resolve MJ's and JJ's claims against the Defendants.[1]

21.     On November 11, 2021, the parties participated in a full-day mediation session at Advanced Resolution Management in Las Vegas, Nevada. The Honorable Jennifer Togliatti (retired), served as the mediator between the parties. After in engaging in a full-day of mediation,

---

[1] Plaintiffs April Johnson's and Dujun Johnson's individual claims against the Defendants were resolved and dismissed pursuant to a "Stipulation and Order to Dismiss with Prejudice the Individual Claims of Plaintiff April Johnson and of Plaintiff Dujun Johnson as to All Defendants," which was filed in this matter on December 3, 2021.

the parties were only able to resolve JJ's claims. JJ's claims against the Defendants were resolved for a sum of $250,000.00.

22.    Thereafter, the parties agreed to return for an additional mediation session with the Honorable Jennifer Togliatti (retired) on December 6, 2021 to attempt to resolve MJ's claims.

23.    On December 6, 2021, after another full day of mediation, the parties reached full settlement of this matter by agreeing to settle MJ's claims against the Defendants for a total sum of $8,750,000.00.

24.    On February 10, 2022, the Clark County School District Board of School Trustees approved settlement of this matter at a public board meeting.

### C.  Payment and Allocation of Settlement Funds

25.    MJ's settlement funds will be paid and allocated as follows:

a.  An immediate cash payment of $545,984.00 funded by the Clark County School District to be disbursed as follows:

   i.  $48,546.50 payable to Sgro & Roger, Attorneys at Law for payment of the following:

   1.  $2,562.50 for the payment of the medical liens attached hereto as Exhibit "1".

   2.  $45,984.00 for reimbursement of expert and other litigation costs which were advanced by Sgro & Roger, Attorneys at Law, and incurred by the Plaintiffs in support of the prosecution of this case. A schedule of litigation costs and supporting documentation is attached hereto as Exhibit "2".

   ii.  $497,437.50 to be made payable to Sgro & Roger, Attorneys at Law, In Trust for MJ, upon the Court's approval of this Petition, for the establishment of a blocked trust account for the benefit of MJ.

b.  A payment of $4,704,016.00 funded by National Casualty Company for the purposes of funding a structured settlement investment providing for periodic payments payable to MJ as follows:

5

i. $8,220.00 per month for the life of MJ, guaranteed 40 years, beginning on September 9, 2029. The last guaranteed payment will be made on August 9, 2069. The obligation to make these periodic payments may be assigned to BHG Structured Settlements, Inc. and funded by an annuity contract issued by Berkshire Hathaway Life Insurance Company of Nebraska, rated A++XV by A.M. Best Company, and AA+ by Standard and Poor's. The cost to provide these periodic payments is $2,352,008.00.

ii. Monthly payments over a distribution period of 40 years, beginning 8 years after the Growth Structured Settlement is funded.   These Periodic Payments will be calculated pursuant to a Growth Structured Settlement Payee Agreement (GSS Payee Agreement) based on an initial deposit of $2,352,008.00. The obligation to make these periodic payments may be assigned to Assigned Settlement Corp, (the "GSS Assignee"). National Casualty Company, itself or through the GSS Assignee will fund the liability to make the GSS Periodic Payments through the purchase of mutual funds (the "Funding Assets") through Vanguard Life Strategy Growth Fund (VASGX).  The cost to provide these periodic payments is $2,352,008.00

c. A cash payment of $3,500,000.00 to Plaintiffs' attorneys, Sgro & Roger, Attorneys at Law, representing 40% of MJ's gross recovery, pursuant to a contingency fee agreement with Plaintiffs. This payment shall be funded by the Clark County School District in the amount of $2,220,000.00, and by National Casualty Company in the amount of $1,280,000.00. Petitioners expressly acknowledge that this fee represents a reasonable fee for the services that three (3) different law firms provided in their collective representation of the Plaintiffs in the instant litigation. The law firms are Sgro

6

& Roger, Attorneys at Law, Eller Law, LLC, and Rogers, Mastrangelo Carvalho & Mitchell.

26.  JJ's settlement funds will be paid and allocated as follows:

    a.  A payment $150,000.00 funded by National Casualty Company for the purposes of funding a structured settlement investment providing for periodic payments payable to JJ as follows:

        i.  $20,000.00 guaranteed lump sum payable on February 15, 2028;

        ii.  $40,000.00 guaranteed lump sum payable on February 15, 2031;

        iii.  $60,000.00 guaranteed lump sum payable on February 15, 2035;

        iv.  $81,612.25 guaranteed lump sum payable on February 15, 2040.

The obligation to make these periodic payments may be assigned to Pacific Life & Annuity Services, Inc. and funded by an annuity contract issued by Pacific Life Insurance Company, rated A+XV by A.M. Best Company, and AA- by Standard and Poor's. The cost to provide these periodic payments is $150,000.00.

    b.  A cash payment of $100,000.00 to Plaintiffs' attorneys, Sgro & Roger, Attorneys at Law, representing 40% of JJ's gross recovery, pursuant to a contingency fee agreement with Plaintiffs. This payment shall be funded by National Casualty Company. Petitioners expressly acknowledge that this fee represents a reasonable fee for the services that three (3) different law firms provided in their collective representation of the Plaintiffs in the instant litigation. The law firms are Sgro & Roger, Attorneys at Law, Eller Law, LLC, and Rogers, Mastrangelo Carvalho & Mitchell.

**D.  The Proposed Settlement is in the Best Interest of MJ and JJ**

27.  "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this

7

1     special duty requires a district court to "conduct its own inquiry to determine whether the settlement

2     serves the best interests of the minor."" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th

3     Cir.1978).

4           28.     In *Robidoux*, the Ninth Circuit held that district courts should "limit the scope of their

5     review to the question whether the net amount distributed to each minor plaintiff in the settlement is

6     fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar

7     cases" *Id.* at 1181-82. Further, the fairness of each minor plaintiff's net recovery should be evaluated

8     "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or

9     plaintiffs' counsel—whose interests the district court has no special duty to safeguard" *Id.* at 1182

10     (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and

11     reasonable in light of their claims and average recovery in similar cases, the district court should

12     approve the settlement as proposed by the parties." *Id.*

13           29.     In the instant case, the net recovery to MJ and JJ is substantial. The injuries sustained

14     by MJ and JJ are related to repeated acts of sexual abuse committed by Defendant Banco upon MJ

15     when she was only three (3) years old while she was in the custody, care, and control of the Clark

16     County School District, specifically as a student passenger on a Clark County School District special-

17     needs school bus. MJ's injuries result from the fact that MJ was personally sexually abused by

18     Defendant Banco on a number of occasions. JJ's injuries result from the fact that JJ was present on

19     the bus when MJ was being sexually abused and that he was, at least in some manner, cognizant of

20     the fact that MJ was being abused by Defendant Banco.

21           30.     MJ's and JJ's injuries are primarily mental and emotional in nature. Both children

22     have seen numerous counselors and therapists to address the aftermath of Banco's sexual abuse.

23     MJ's counsellors noted that MJ's symptoms following the abuse included: bed wetting,

24     nightmares, trouble sleeping, issues with using the bathroom, tantrums, violent outburst, lying,

25     attention seeking behaviors, aggression towards siblings, difficulties understanding appropriate

26     boundaries, clinging to JJ, and lack of remorse. MJ's counsellors have suggested that MJ is likely

27     to require therapy for the rest of her life to address ongoing issues related to the sexual abuse and

28     that MJ is likely to experience increased symptoms and disruptions during and following certain

triggering events throughout her life, for example, puberty, new relationships, marriage, and childbirth.

31.     Plaintiffs' counsel believes that the settlement is fair and reasonable to MJ and JJ. Plaintiffs have indisputable video evidence that depicts Defendant Banco repeatedly sexually abusing MJ throughout May of 2015 while she was being transported home from school on a Clark County School District school bus. Plaintiffs' counsel also has evidence to establish that the CCSD Defendants acted with deliberate indifference to MJ's and JJ's constitutional rights. However, the CCSD Defendants have vigorously contested liability, and if this case were to go to trial, it is likely that the CCSD Defendants and their expert witnesses would challenge both Clark County School District's liability for MJ's and JJ's injuries and the nature and extent of the psychological and emotional injuries sustained by MJ and JJ.

32.     The Petitioners believe that the compromise offered is fair, reasonable, and in the best interest of MJ and JJ.

33.     The Petitioners and counsel for the Plaintiffs have made a diligent inquiry and investigation regarding the facts of the described incidents, including liability for the incidents, as well as the nature and extent of MJ's and JJ's injuries. Amongst the three (3) law firms that represented Plaintiffs in this case, thousands of man hours have been dedicated to this case.

34.     Petitioners have been advised and fully understand that if the compromise sought herein is approved by the Court and is consummated, MJ and JJ will forever be barred and prevented from seeking any future recovery or further compensation, even if MJ's and/or JJ's injuries become more serious than they are now contemplated to be, or require more care than is now anticipated.

35.     The Petitioners request that the Court approve the proposed compromise of MJ's and JJ's claims as described herein, as Petitioners believe the acceptance of this compromise is in the best interest of MJ and JJ.

36.     Petitioners understand that that the sum of $497,437.50 that is contemplated to be placed in a blocked trust account for the benefit of MJ, may only be released upon application to this Court either 1) upon verification that MJ has reached the age of eighteen (18) or 2) upon further Order of this Court.

37.     Sgro & Roger, Attorneys at Law will set up the aforementioned blocked trust account and will file proof of the same with this Court within thirty (30) days after receiving the proceeds of the compromise.

**WHEREFORE**, Petitioners pray for an Order:

a.      Approving and authorizing the compromise of the above-described minors' claims;

b.      Directing Defendants to pay $8,750,000.00 to settle MJ's claims and $250,000.00 to settle JJ's claims, representing a gross settlement of $9,000,000.00 on behalf of both minors;

c.      Approving and directing the disbursement of the settlement funds as described in Section C. of this Petition for Compromise of Minors' Claims;

d.      Waiving the filing of a complete copy of MJ's and JJ's medical records;

e.      Directing the sum of $497,437.50 to be paid to Sgro & Roger, Attorneys at Law, In Trust for MJ, without requiring the posting of a bond or surety in this or any other jurisdiction;

f.      Directing Sgro & Roger, Attorneys at Law to establish a blocked financial trust account for the benefit of MJ and to file proof with this Court of the same, within thirty (30) days after receiving the proceeds of the compromise;

/ / /

/ / /

/ / /

/ / /

g.      For such other and further orders as the Court deems appropriate.

DATED this __10__ day of February, 2022.

SGRO & ROGER

/s/
Anthony P. Sgro, Esq.
Nevada Bar No. 3811
Alanna Bondy, Esq.
Nevada Bar No. 14830
720 S. Seventh Street, 3rd Floor
Las Vegas, NV 89101
*Attorney for Plaintiffs*

11

**VERIFICATION OF PETITIONER**

STATE OF NEVADA)
                  ) ss:
COUNTY OF CLARK )

     I, APRIL JOHNSON, declare under penalty of perjury under the laws of the United States that I am the Petitioner in the above entitled matter, I have read the foregoing Petition for Compromise of Minors' Claims and know the contents thereof; that the same is true of my own knowledge, except for those statements expressly made upon information and belief, and as to those facts, I believe them to be true.

     Executed on this ____ date of February, 2022.

                                          April Johnson, Petitioner

SUBSCRIBED and SWORN to before
me this ____ day of ____, 2022.

_____
NOTARY PUBLIC in and for
said COUNTY and STATE

LINDA M. MARTINEZ
Notary Public, State of Nevada
No. 19-1370-1
My Appt. Exp. Dec. 27, 2022

## VERIFICATION OF PETITIONER

STATE OF NEVADA)

                ) ss:

COUNTY OF CLARK )

     I, DUJUN JOHNSON, declare under penalty of perjury under the laws of the United States

that I am the Petitioner in the above entitled matter, I have read the foregoing Petition for

Compromise of Minors' Claims and know the contents thereof; that the same is true of my own

knowledge, except for those statements expressly made upon information and belief, and as to

those facts, I believe them to be true.

     Executed on this ___7___ date of February, 2022.

                                     Dujun Johnson, Petitioner

SUBSCRIBED and SWORN to before
me this _____ day of _____, 2022.

NOTARY PUBLIC in and for
said COUNTY and STATE

LINDA M. MARTINEZ
Notary Public, State of Nevada
No. 19-1370-1
My Appt. Exp. Dec. 27, 2022

ANTHONY P. SGRO, ESQ.
Nevada Bar No. 3811
ALANNA BONDY, ESQ.
Nevada Bar No. 14830
SGRO & ROGER
720 S. 7th Street, 3rd Floor
Las Vegas, Nevada 89101
Telephone: (702) 384-9800
Facsimile: (702) 665-4120
tsgro@sgroandroger.com
abondy@sgroandroger.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| APRIL JOHNSON, an individual, DUJUN JOHNSON, an individual, as guardians of MJ and JJ, Minors, | CASE NO.  2:20-cv-01823-JCM-VCF |
| Plaintiffs, | |
| vs. | |
| MICHAEL BANCO, an individual; CLARK COUNTY SCHOOL DISTRICT, a Clark County, Nevada governmental entity; CLARK COUNTY SCHOOL DISTRICT TRANSPORTATION DEPARTMENT, a Clark County, Nevada governmental entity; the Clark County School District Superintendent PAT SKORKOWSKI, an individual; the Clark County School District Assistant Superintendent, KRISTINE MINNICH, an individual; the Clark County School District Thomas O'Rourke Elementary School Principal, KODY BARTO, an individual; the Clark County School District Transportation Department, Operations Manager, CHRISTOPHER JACKSON, an individual; DOES 1-10 inclusive; and ROE Corporations, 11-20, inclusive, | **ORDER ON PETITION FOR COMPROMISE OF MINORS' CLAIMS** |
| Defendants. | |

14

Upon Plaintiffs' PETITION FOR COMPROMISE OF MINORS' CLAIMS, filed herein by Petitioners, APRIL JOHNSON and DUJUN JOHNSON, natural parents and guardians, of minor children MJ and JJ, and good cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Petition for Compromise of Minors' Claims is hereby GRANTED.

2. Defendants shall pay $8,750,000.00 to settle MJ's claims and $250,000.00 to settle JJ's claims, representing a gross settlement of $9,000,000.00 on behalf of both minors.

3. MJ's settlement funds shall be paid and disbursed as follows:

    a. An immediate cash payment of $545,984.00 funded by the Clark County School District to be disbursed as follows:

        i. $48,546.50 payable to Sgro & Roger, Attorneys at Law, consisting of $45,984.00 for reimbursement of expert and other litigation costs, and $2,562.50 for payment of MJ's and JJ's medical liens to Pikes Peak Medical Funding.

        ii. $497,437.50 payable to Sgro & Roger, Attorneys at Law, In Trust for MJ for the establishment of a blocked trust account for the benefit of MJ.

    b. National Casualty Company shall pay $4,704,016.00 for the purposes of funding a structured settlement investment providing for periodic payments payable to MJ.

    c. A cash payment of $3,500,000.00 to Plaintiffs' attorneys, Sgro & Roger, Attorneys at Law, representing 40% of MJ's gross recovery, pursuant to a contingency fee agreement with Plaintiffs. This payment shall be funded by the Clark County School District in the amount of $2,220,000.00, and by National Casualty Company in the amount of $1,280,000.00.

4. JJ's settlement funds will be paid and allocated as follows:

    a. National Casualty Company shall pay $150,000.00 for the purposes of funding a structured settlement investment providing for periodic payments payable to JJ.

    b. A cash payment of $100,000.00 to Plaintiffs' attorneys, Sgro & Roger, Attorneys at Law, representing 40% of JJ's gross recovery, pursuant to a contingency fee

agreement with Plaintiffs. This payment shall be funded by National Casualty Company.

5.    Petitioners shall be relieved of the requirement to file a complete copy of MJ's and JJ's medical records.

6.    Authorization to establish the blocked trust account for the benefit of MJ is hereby given to Sgro & Roger, Attorneys at Law or its representative.

7.    The blocked trust account is to be opened at City National Bank located at 6085 W. Twain Avenue, Las Vegas, Nevada.

8.    Funds deposited in the blocked account shall not be liquidated or diminished prior to MJ reaching eighteen (18) years of age, unless prior Court approval is obtained, upon a showing that the withdrawal is in the best interest of MJ. A final accounting will be made prior to the release of funds upon MJ's eighteenth birthday.

9.    Sgro & Roger, Attorneys at Law shall cause proof to be filed with this Court that the blocked trust account has been established within thirty (30) days after receiving the proceeds of the compromise.

10.   Petitioners are not required to post a bond or surety in this or any other jurisdiction.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11.   This Court shall retain jurisdiction to make any further orders that this Court may deem necessary and appropriate with respect to this matter.

IT IS SO ORDERED.

Dated this _____ day of _____, 2022.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

SGRO & ROGER

/s/
_____
Anthony P. Sgro, Esq.
Nevada Bar No. 3811
Alanna Bondy, Esq.
Nevada Bar No. 14830
720 S. Seventh Street, 3rd Floor
Las Vegas, NV 89101
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the __11th__ day of February 2022, a true and correct copy of the attached document entitled: PETITION FOR COMPROMISE OF MINORS' CLAIMS was submitted electronically for filing and/or service with the CM/ECF Federal Filing System.

I further certify that I served a true and correct copy of the foregoing document as follows:

_XX__ By electronic filing and/or service via the CM/ECF Federal Filing System

_____ By placing a copy of the original in a sealed envelope, first-class postage fully prepaid thereon, and depositing the envelope in the U.S. mail at Las Vegas, Nevada (Bates documents on disk, by U.S. Mail only).

_____ Pursuant to a filed Consent for Service by Facsimile in this matter, by sending the document by facsimile transmission.

_____ Via hand-delivery to the addresses listed below.

_____ By transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m.

| | |
|---|---|
| James R. Olson, Esq.<br>Nevada Bar. No. 000116<br>Stephanie A. Barker, Esq.<br>Nevada Bar No. 003176<br>OLSON CANNON GORMERLY &<br>STOBERSKI<br>9950 West Cheyenne Avenue<br>Las Vegas, NV 89129<br>Phone: (702) 384-4012<br>Fax: (702) 383-0701<br>Email: jolson@ocgas.com<br>sbarker@ocgas.com<br>*Attorneys for Defendants* | Steven T Jaffe, Esq.<br>Nevada Bar No. 7035<br>Michelle R. Schwarz, Esq.<br>Nevada Bar No. 5127<br>HALL JAFFE & CLAYTON, LLP<br>7425 Peak Drive<br>Las Vegas, NV 89128<br>*Attorneys for CCSD Defendants* |

_____
An employee of Sgro & Roger

Johnson
v.
CCSD, et al.

## Case # 2:20-cv-01823-JCM-VCF

## INDEX

| EXHIBIT | DOCUMENT |
|---------|----------|
| 1 | Medical Liens |
| 2 | Litigation Costs |